IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARCUS REID, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 10-0525-CV-W-ODS |
| ) | Crim. No. 08-00008-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court declines to issue a Certificate of Appealability.

In January 2008, Movant was indicted on one count of being a felon in possession of a firearm. In May plead guilty to this charge. The underlying facts supporting the charge have been summarized by the Court of Appeals in connection with Movant's direct appeal:

> In the afternoon on December 12, 2007, Reid carjacked a vehicle and put a handgun to the head of the vehicle's occupant before releasing him. Several hours later, on the evening of the same day, police observed a vehicle driving erratically and attempted to effect a stop. The driver, Reid, accelerated and police gave chase. In the course of the pursuit, Reid drove the wrong way on numerous one-way streets, drove without headlights, and drove the wrong way on a busy highway at speeds exceeding 80 miles per hour. While on the highway, Reid nearly struck police officers who were attempting to stop the vehicle. Reid eventually stopped and was taken into custody. A search of the vehicle uncovered a loaded .357 magnum revolver.

United States v. Reid, 321 Fed. Appx. 537, 538 (8th Cir. 2009) (per curiam).

Movant's Base Offense Level was 20. The offense level was increased four levels because the serial number was obliterated, four levels because the offense was committed in connection with another offense (eluding a police officer and tampering),

and two levels for obstruction of justice (causing substantial risk of serious injury while fleeing from the police). The offense level was decreased by three levels for Movant's acceptance of responsibility, resulting in a Total Offense Level of 27. His Criminal History Category was IV, and the statutory maximum sentence was ten years, resulting in a sentencing range of 100 to 120 months. Movant was sentenced to 108 months of imprisonment. He appealed, contending the latter two enhancements constituted double-counting; the sentence was affirmed. Movant now seeks postconviction relief, contending his attorney provided ineffective assistance in (1) failing to adequately investigate the facts supporting the obstruction of justice charge and (2) failing to "explain the ramifications of pleading guilty."

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

Movant's first claim alleges counsel was ineffective for failing to argue that nobody was injured as a result of his obstruction of justice. This claim fails to satisfy Strickland's prejudice prong because the law does not require there to be an actual victim of the obstruction of justice. As the Court of Appeals explained in affirming the sentence imposed in this case, the enhancement is justified by the risk of harm created by a defendant's flight from the police. Reid, 321 Fed. Appx. at 539; see also United States v. Harper, 466 F.3d 634, 649 (8th Cir. 2007). There is no requirement that a person actually be harmed, so counsel's failure to investigate the matter could not have prejudiced Movant.

Movant's second claim is belied by the Record. He does not specify the ramifications he was not advised of, but the Transcript from the Rule 11 Hearing (Doc. # 36) demonstrates Movant was advised of his rights and the consequences of pleading guilty. Neither of Strickland's prongs can be satisfied.

In order to appeal, Petitioner must first obtain a Certificate of Appealability. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b). A Certificate of Appealability is not warranted in this case. Movant's first issue has no support in law, and Movant's second issue is contradicted by the Record. Reasonable jurists could not disagree on these matters, and further proceedings on these claims are not warranted.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 9, 2011
UNITED STATES DISTRICT COURT

3